UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHAUNCEY GIRARD,

                Petitioner,

   v.                                         9:17-CV-1002
                                                    (TJM)

SUPERINTENDENT,

                Respondent.

---

APPEARANCES:                                                  OF COUNSEL:

CHAUNCEY GIRARD
11-A-1352
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. BARBARA D. UNDERWOOD                   JAMES GIBBONS, ESQ.
Counsel for Respondent                                  Assistant Attorneys General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner Chauncey Girard, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Respondent filed a response in opposition to the petition and pertinent records from petitioner's state court proceedings. Dkt. No. 14, Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 15, Answer; Dkt. No. 16-1, State Court Records ("SR"). Petitioner has filed

a reply with exhibits. Dkt. No. 24, Reply; Dkt. No. 24-1, Reply Exhibits.

Also pending before the Court is petitioner's motion to stay this action and hold his petition in abeyance. Dkt. Nos. 9-10. Respondent opposes petitioner's motion. R. Mem. at 18-25.

For the reasons that follow, petitioner's motion to stay this action is denied and his petition is dismissed.

## II. RELEVANT BACKGROUND

### A. Direct Appeal

The New York State Supreme Court, Appellate Division, Third Department, summarized the pertinent facts as follows:

> After being released from state prison, defendant broke into his former girlfriend's house, entered her bedroom and punched her new boyfriend in the face. As a result, defendant was charged by indictment with burglary in the first degree and assault in the third degree. Following the former girlfriend's direct testimony at trial, defendant pleaded guilty to burglary in the first degree in satisfaction of the indictment and in exchange for the People's recommendation of an eight-year prison sentence. Despite the People making that recommendation, County Court sentenced defendant to 16 years in prison, followed by five years of postrelease supervision.

*People v. Girard*, 111 A.D.3d 1153, 1154 (3d Dep't 2013). Petitioner argued on direct appeal that (1) the trial court erred in admitting his prior bad acts at trial and failing to redact a portion of his statement to law enforcement referring to his criminal record, and (2) the sentence imposed was harsh and excessive. SR 15-23. The Third Department affirmed the judgment of conviction, and, on July 14, 2014, the New York Court of Appeals denied leave to appeal. *Girard*, 111 A.D.3d at 1154, *lv. denied*, 23 N.Y.3d 1036 (2014).

2

### B. Petitioner's Motion to Vacate the Judgment of Conviction

In papers dated May 28, 2015, petitioner moved to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. SR 412-455. Petitioner argued that he was entitled to vacatur on the grounds that (1) his guilty plea was involuntary, (2) defense counsel rendered ineffective assistance, (3) he was subjected to "selective prosecution," (4) the evidence was legally insufficient and he was "overcharged," (5) he was denied the right to appear before the grand jury, (6) the prosecution adduced false testimony at trial, (7) the trial court should have assigned new counsel to move to withdraw petitioner's guilty plea, and (8) the sentencing court did not impose the agreed-upon sentence. SR 412-436. In a Decision and Order dated November 3, 2015, the Ulster County Court denied petitioner's motion. SR 495-500. Petitioner did not seek leave to appeal to the Third Department.

### C. Petitioner's First Article 78 Application

In papers dated July 11, 2015, petitioner filed an application pursuant to Article 78 of the New York Practice Law and Rules ("CPLR"). SR 510-521. In that petition, petitioner contended that he had been denied access to the courts because he was confined in a special housing unit without access to a mailbox or notary, and sought money damages. *Id.* at SR 518-19. In a Decision and Order dated January 22, 2016, the Albany County Supreme Court dismissed the petition on the grounds that the petition's allegations did not demonstrate an entitlement to relief under CPLR § 3013, and, in any event, petitioner failed to exhaust his administrative remedies. SR 544-49. Petitioner filed a notice of appeal dated

3

January 27, 2016, but the record does not reflect that he perfected his appeal. SR 555-58; *accord,* R. Mem. at 7.

### D. Petitioner's Second Article 78 Application

In papers dated December 1, 2015, and mailed to the Albany County Court, petitioner sought relief pursuant to Article 78 against, among other people, Ulster County Court Judge Donald Williams. SR 560-68. Petitioner contended that the trial court in his criminal case violated his due process rights, his plea was coerced, he was "[o]vercharge[d]" with burglary, defense counsel rendered ineffective assistance, and he was denied a psychiatric evaluation. *Id.* On December 23, 2015, the Albany County Clerk's Office returned petitioner's motion papers and advised him that, because the proceeding was brought against a justice of a state supreme court or judge of a county court, his action must be commenced in the Appellate Division. SR 569. The state court record does not suggest that petitioner re-filed his application in the Appellate Division as directed. R. Mem. at 7.

### E. Petitioner's Motion to Set Aside the Sentence

In papers dated February 23, 2016, petitioner moved to set aside his sentence pursuant to CPL § 440.20. SR 570-71. In a Decision and Order dated May 11, 2016, the Ulster County Court denied petitioner's motion. SR 572-73. On September 23, 2016, the Third Department denied petitioner's application for leave to appeal. SR 608. Petitioner sought leave to appeal to the Court of Appeals, raising numerous arguments related to his conviction. SR 611-19. On July 24, 2017, the Court of Appeals dismissed petitioner's leave application, concluding that it was not appealable under CPL § 450.90(1). SR 621, 636.

### F. Petitioner's Third Article 78 Application

In papers dated August 22, 2017, petitioner again sought relief pursuant to Article 78, arguing that the prosecutor "would not sign the certified mail receipt to undermine the integrity of the court" and that the transcripts from his jury trial were falsified, and seeking to "unseal[] . . . the jurors list," "reverse" his conviction, and to have respondents, including a county court judge, prosecutor, and stenographer, "fired." SR 637-39, 653-57. On October 13, 2017, the Ulster County Supreme Court ordered respondents to show cause why petitioner's application should not be granted. SR 642. According to respondent, that petition is currently pending. R. Mem. at 8.

The specific facts not enumerated above are known to the parties and will be referenced only to the extent necessary to address the issues raised by the petition.

## III. THE PRESENT PETITION

Liberally construed, the petition contends that petitioner is entitled to habeas relief on the following grounds: his rights to equal protection, due process, and a fair trial were violated because the jury empaneled at his trial was "all white" and the trial court was biased against him; his subsequent guilty plea was coerced by the trial court; defense counsel rendered ineffective assistance in failing to file a motion for a mistrial; and the trial court imposed an enhanced sentence when petitioner raised defense counsel's failure to seek a mistrial before the trial court. Pet. at 5-7.

## IV. DISCUSSION

### A. Timeliness, Generally

Upon initial review of the petition, the Court directed petitioner to file a written affirmation explaining why the statute of limitations should not bar his petition. Dkt. No. 6 at

6-7, Decision and Order, filed Nov. 3, 2017. On November 27, 2017, petitioner filed the required affirmation. Dkt. No. 7. In his affirmation, petitioner asserted that his petition should be deemed timely, apparently because he filed numerous post-judgment motions and applications in state court. *Id.* at 1-2.

Respondent argues that petitioner's petition is untimely because (1) it was filed after the one-year limitations period expired, (2) statutory tolling is insufficient to render it timely, (3) petitioner is not entitled to equitable tolling, and (4) petitioner has not demonstrated any basis for concluding that he is actually innocent. R. Mem. at 9-18.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the latest of several events: the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application if that right was newly recognized and made retroactively applicable; or the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(A)-(D); *Gonzalez v. Thaler*, 565 U.S. 134, 148-49 (2012).

For purposes of section 2244(d)(1)(A)–the applicable provision in this case–a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after

6

the date on which the highest court in the state has completed direct review of the case. *Thaler*, 565 U.S. at 149; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

In this case, the Court of Appeals denied leave to appeal on July 14, 2014. *Girard*, 23 N.Y.3d 1036. Petitioner did not seek certiorari, and his conviction thus became final for purposes of the AEDPA on October 15, 2014.[1] *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until October 15, 2015, to file a timely federal habeas petition. *See Saunders*, 587 F.3d at 548-49. Petitioner placed his petition in the prison mailing system on September 1, 2017.[2] Pet. at 15.

## B. Statutory Tolling

The one-year limitation period under the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548; *accord, Smith*, 208 F.2d at 16.

Here, petitioner filed a motion to vacate the judgment of conviction on May 28, 2015,

---

[1] As respondent notes, the 90th day in the 90-day timeframe for seeking certiorari fell on a Sunday, and the following day, October 13, 2014, was Columbus Day.

[2] Under the "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001).

7

at which point 225 days had elapsed on the limitations period. SR 412-436. The Ulster County Court denied petitioner's motion on November 3, 2015, and his time for seeking leave to appeal from that denial expired thirty days after he was served with a copy of the court's order. CPL § 460.10(4)(a). Granting petitioner the most favorable inference supported by the record, he was served with the order, at the latest, on December 1, 2015.[3] Measured from that date, petitioner had until December 31, 2015, to seek leave to appeal the denial of his motion to vacate, but he did not do so. After that date, his motion was no longer pending and no longer served to statutorily toll the AEDPA limitations period. *See Carey v. Saffold*, 536 U.S. 214, 217, 219-220 (2002) (explaining that a state collateral proceeding for AEDPA purposes remains pending during "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court").

On February 23, 2016 (53 days after his motion to vacate the judgment was no longer pending), petitioner moved to set aside the sentence. SR 570-71. The limitations period was thus tolled from that date until September 23, 2016, the date on which the Third Department denied leave to appeal from the county court's denial of the motion. SR 608. By that time, 278 days of the limitations period had run. On December 20, 2016–87 days later–the limitations period expired. Petitioner filed his petition on September 1, 2017, 255 days after the expiration of the AEDPA limitations period.

As noted above, in his timeliness affirmation, petitioner appears to argue that his numerous state court filings–including his applications for relief pursuant to Article 78–render

---

[3] As respondent notes (R. Mem. at 11), in his motion to stay this proceeding, petitioner acknowledged that he received a copy of the order denying his motion to vacate, and thereafter challenged the denial in an Article 78 proceeding. Dkt. No. 10 at 2. Petitioner's papers in support of his Article 78 application are dated December 1, 2015, and thus the Court concludes that he received a copy of the order, at the latest, on December 1, 2015. SR 560-68.

his habeas petition timely. Dkt. No. 7 at 1-2. As discussed above, however, petitioner's motion to vacate and motion to set aside the sentence did not provide sufficient tolling to render his petition timely, and his remaining state court filings do not entitle him to statutory tolling. First, to the extent that he asserts that he submitted a "reply addendum" to the Court of Appeals after the Third Department denied leave to appeal on his CPL § 440.20 motion (*id.*), his motion was no longer pending at that time. The CPL does not provide for a leave application to the Court of Appeals after an intermediate appellate court, such as the Third Department here, has already denied leave to appeal from a lower court's order on a post-judgment motion. *See, e.g., Bidinost v. Colvin*, No. 9:14-CV-1080 (DNH), 2015 WL 5838472, at *3 n.4 (N.D.N.Y. Oct. 7, 2015) (noting that, although petitioner "apparently filed an application in the New York Court of Appeals for leave to appeal from the Appellate Division's . . . decision [denying leave to appeal] . . . the time this application was pending is not tolled because the relief sought is not recognized in New York"); *Walker v. Graham*, 955 F. Supp. 2d 92, 101-02 (E.D.N.Y. 2013) ("[T]he limitation period was *not* tolled during the pendency of Walker's motion for leave to appeal to the Court of Appeals the Appellate Division's denial of leave to appeal the 440 Motion, because no such appeals are permitted under New York law."); *see generally Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999) ("[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."). As a result, any such "reply addendum" did not serve to further toll the limitations period.

Second, with respect to petitioner's Article 78 applications–filed on July 11, 2015, December 1, 2015, and August 22, 2017, respectively–those applications also do not provide a basis for statutory tolling. Statutory tolling applies to a "properly filed application for State

9

post-conviction or collateral review with respect to the pertinent judgment[.]"  28 U.S.C. § 2244.  "'[C]ollateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."  *Wall v. Kholi*, 562 U.S. 545, 553 (2011).  Article 78 of the CPLR, which contemplates relief by way of the writs of certiorari, mandamus, and prohibition, expressly prohibits (unless provided for elsewhere) a challenge to a determination made "in a civil action or criminal matter unless it is an order summarily punishing a contempt committed in the presence of the court."  CPLR § 7801(2); *see also, e.g., Rodriguez v. Lavalley*, 112 A.D.3d 1244, 1244 (3d Dep't 2013), *appeal dismissed*, 23 N.Y.3d 933 (2014), *reconsideration denied*, 24 N.Y.3d 1217 (2015) (affirming dismissal of Article 78 petition, in which petitioner "challeng[ed] his underlying conviction," because "[a]n article 78 proceeding generally does not lie to review error claimed to have occurred in a criminal proceeding") (quoting *Hennessy v. Gorman*, 58 N.Y.2d 806, 807 (1983)); *Carpenter v. Corcoran*, 75 A.D.3d 1110, 1111 (4th Dep't 2010), *lv. denied*, 15 N.Y.3d 712 (2010) ("[Petitioner's] challenge [to his sentencing proceeding] is not properly before us, inasmuch as 'a proceeding pursuant to CPLR article 78 generally does not lie to review errors claimed to have occurred in a criminal proceeding or to challenge a judgment of conviction rendered by a criminal court . . . Rather, such a challenge must be made by way of a direct appeal of the judgment of conviction'") (quoting *Matter of Varcha v. City Ct. (City of Beacon)*, 39 A.D.3d 645, 646 (2d Dep't 2007)).

Here, petitioner's first Article 78 application challenged certain conditions of his confinement, including the lack of a mailbox on his block, his alleged assault by prison staff, and the denial of his access to the courts.  SR 510-521.  That proceeding was unrelated to

his conviction and sentence. Moreover, while petitioner's second and third Article 78 applications alleged various errors in the course of his prosecution, petitioner sought relief that is unavailable in an Article 78 proceeding, specifically, a new trial and vacatur of his conviction. SR 566-67, 637-38. Accordingly, Article 78 does not appear to have been an appropriate mechanism for securing "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process," *Kholi*, 562 U.S. at 553, and petitioner's applications here do not constitute "application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claim[.]" 28 U.S.C. § 2244(d)(2).[4] In sum, petitioner is not entitled to statutory tolling sufficient to render his petition timely.

## C. Equitable Tolling

The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord, Diaz,* 515 F.3d

---

[4] The Second Circuit has "reserve[d] on the question whether," in an appropriate case, "an Article 78 proceeding might be deemed the functional equivalent' of a § 2244(d)(2) application for post-conviction review.'" *Collins v. Ercole*, 667 F.3d 247, 252 n.6 (2d Cir. 2012) (quoting *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001)). Even assuming that petitioner properly challenged his judgment of conviction by way of his Article 78 applications, the Court concludes that, for the reasons set forth in respondent's memorandum of law, those applications did not serve to toll the limitations period for a sufficient period to render his petition timely. R. Mem. at 15-16. Petitioner's first Article 78 application was filed on July 11, 2015, at which time the limitations period was already tolled by the filing of petitioner's May 28, 2015, motion to vacate (which remained pending through December 31, 2015). Assuming that petitioner properly filed his notice of appeal regarding the first Article 78 application on January 27, 2016 (SR 555-58), he had sixty days in which to file a record and appellate brief. 22 N.Y.C.R.R. § 800.9(a). The record does not suggest that he did so. As a result, petitioner's first Article 78 application served to toll the AEDPA limitations period for, at most, 87 days. His second Article 78 application was never properly filed, given that it was returned to him with instructions to file it in the Appellate Division if he chose to pursue it, and the record does not suggest that he did so. SR 569. Finally, petitioner's third Article 78 application was filed after the limitations period had already expired, and thus could not have served to toll the limitations period. SR 637-39, 653-57; *see also Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008) ("Because [petitioner's] one year statutory filing period had already expired, this subsequent state court collateral attack does not toll the federal limitations period.").

at 153. The standard for evaluating a claim of extraordinary circumstances is one that focuses not on "the uniqueness of a party's circumstances," but instead on "the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *see also Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (explaining that whether a circumstance is extraordinary depends on "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period") (quoting *Diaz*, 515 F.3d at 154).

A petitioner must show not only that extraordinary circumstances existed, but that those circumstances "caused him to miss the . . . filing deadline." *Harper*, 648 F.3d at 137. Claims of extraordinary circumstances must be supported with evidence and not merely with conclusory allegations. *Reid v. Atty Gen., State of New York*, No. 9:04-CV-0178 (TJM/RFT), 2008 WL 3049870, at *6 (N.D.N.Y. Aug. 1, 2008). Additionally, a petitioner must have acted with "reasonable diligence throughout the period he seeks to toll[.]" *Harper*, 648 F.3d at 138 (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Mason v. Pool*, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

In this case, petitioner cites no basis for equitably tolling the limitations period, and the state court record does not suggest that any extraordinary circumstances prevented petitioner from timely filing his habeas petition. As a result, the Court concludes that

petitioner is not entitled to equitable tolling.

### D. Equitable Exception

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *see also, e.g., Chettana v. Racette*, No. 9:15-CV-0028 (MAD), 2016 WL 447716, at *10-11 (N.D.N.Y. Feb. 4, 2016). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and citing *House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

"To satisfy the *Schlup* standard, a claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas*, 687 F.3d at 541 (quoting *House*, 547 U.S. at 521, 538). "For the claim to be 'credible,' it must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Rivas*, 687 F.3d at 541 (quoting *Schlup*, 513 U.S. at 324). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or to remove the double negative, that more likely than not any reasonable

13

juror would have reasonable doubt.'" *Id.* (quoting *House*, 547 U.S. at 538).

Here, petitioner does not argue that he is actually innocent of the crimes of conviction based upon new, reliable evidence, and the Court discerns nothing in the state court record suggesting that he is actually innocent. Indeed, petitioner pleaded guilty to the top count of the indictment, charging him with first degree burglary, after the direct trial testimony of his former girlfriend, who witnessed the incident at issue. SR 127-132, 161-62. On this record, petitioner failed to demonstrate actual innocence as that term is defined by the Supreme Court, and he is not entitled to use actual innocence as a gateway to federal habeas review of his untimely petition.

For the foregoing reasons, the Court concludes that petitioner's habeas petition is time-barred, and therefore will be dismissed.

## V. MOTION TO STAY

Petitioner requests to stay this action and hold his petition in abeyance so that he can finish litigating an Article 78 proceeding pending in state court. Dkt. Nos. 9-10. Petitioner seeks to "bring up the rascial judical [*sic*] bias" purportedly exhibited by the trial court. Dkt. No. 9 at 3. He appears to complain that the court issued a decision denying his motion to vacate before he could file a reply to the prosecution's opposition, and thereby "caused [him] to not fully exsaughst [*sic*] his remedy." Dkt. No. 10 at 2. He states that he has filed an Article 78 proceeding "[c]hallenging these violations [.]" *Id.*

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines*

*v. Webber*, 544 U.S. 269, 275-76 (2005)). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has established neither of the above requirements and, in any event, because his initial habeas petition is untimely, the Court concludes that staying this action and holding the petition in abeyance is unwarranted. *See, e.g., Conception v. Brown*, 794 F. Supp. 2d 416, 423 (W.D.N.Y. 2011) (denying petitioner's motion to hold the petition in abeyance as moot because the petition was untimely); *Williams v. Conway*, 596 F. Supp. 2d 770, 771, 777 (W.D.N.Y. 2009) (denying petitioner's motion to stay as moot because his habeas petition was untimely).

Based upon the foregoing, petitioner's habeas petition is dismissed as untimely, and his motion to stay this action and hold his petition in abeyance is denied.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED AS UNTIMELY**; and it is further

**ORDERED** that petitioner's motion to stay this action and hold his petition in abeyance (Dkt. Nos. 9-10) is **DENIED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. §

2253(c)(2) requires.[5]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 25, 2018

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (holding that "§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (citation omitted)).